UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

APR 3 0 2008

CLERK

| | | |
|---|---|---|
| LUCY SITTING CROW, | ) | CIV. 07-5053-RHB |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater,

54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

The Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). A reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). As long as the ALJ's decision is supported by substantial evidence, this Court cannot reverse the decision of the ALJ.

## BACKGROUND AND DISCUSSION

Plaintiff is a forty-six-year-old woman, born on January 4, 1962. On May 18, 2005, plaintiff filed for social security benefits, alleging disability commencing on March 11, 2003.

Administrative Record (AR) 19.  Plaintiff later amended her alleged disability onset date to July 1, 2005.  Id.  Plaintiff cited rheumatoid arthritis, chronic pain, and headaches as the basis for disability.  AR 19, 79.  Plaintiff's claims were denied at all stages, and she appealed to the ALJ.

The ALJ hearing was held on August 22, 2005.  Plaintiff was represented by counsel.  AR 18.  The ALJ continued the hearing so that a consultative examination could be performed, and a second hearing was held on August 2, 2006.  Id.  On September 9, 2006, the ALJ issued his decision.  The ALJ found that plaintiff was not fully credible, was not disabled, and was capable of finding and performing work that was available in the national economy.  AR 24.  Plaintiff's claim for benefits was accordingly denied.  Id.  This appeal followed.

Plaintiff raises only one issue in this appeal: whether or not the ALJ's credibility determination is supported by substantial evidence.  The Court concludes that the ALJ's decision is supported by substantial evidence and therefore must be affirmed.

During the initial ALJ hearing, plaintiff testified that her condition had worsened significantly in the months leading up to the hearing.  AR 323.  Seeking additional medical information, the ALJ continued the hearing, ordered a consultative examination, and sought a completed medical source statement from plaintiff's main treating physician.  AR 324-25.

Plaintiff's main treating physician refused to complete the medical source statement

3

requested by the ALJ. Plaintiff was seen by Dr. Dave Johnson (Dr. Johnson), an internal medicine doctor, for a consultative exam. AR 270. Dr. Johnson took a history from plaintiff and conducted a physical examination. AR 270-71. In the report submitted to the ALJ, Dr. Johnson stated that he was unable to find any clinical evidence for plaintiff's claim of rheumatoid arthritis. AR 272. Therefore, Dr. Johnson concluded that he "would recommend a formal rheumatology evaluation and would not recommend any permanent limitations prior to that evaluation." Id.

The ALJ did not order a formal rheumatology evaluation as requested by the consulting physician. Nevertheless, the ALJ determined that Dr. Johnson's opinion deserved "the greatest weight." AR 22. The ALJ proceeded to reject plaintiff's credibility largely on the basis that her testimony was inconsistent with Dr. Johnson's opinion. For instance, the ALJ noted that "a recent consultative examination opinion suggests an absence in clinical evidence to support a diagnosis of rheumatoid arthritis . . . ." AR 21. The ALJ also stated the following:

> As noted, Dr. Johnson recently performed a consultative physical examination in February 2006, and did not find any significant objective evidence to support the claimant's previous diagnosis of rheumatoid arthritis. On this basis, Dr. Johnson essentially found that the claimant had no work-related restrictions. While the undersigned believes that a review of the entire medical record does support the existence of rheumatoid arthritis, a condition which would presumably cause some physical limitations, Dr. Johnson's observation that the claimant really does not have any significant joint deformity, effusions, redness or warmth, fails to support any greater limitations on the claimant's ability to work than found herein.

Id.

Based upon a detailed examination of the record in this case, it is the Court's decision that substantial evidence supports the Commissioner's decision that plaintiff was not disabled under the Social Security Act. Accordingly, it is hereby

ORDERED that this matter is affirmed. Plaintiff's complaint (Docket #1) is dismissed.

Dated this 30th day of April, 2008.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE